UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP DANIEL HALSTEAD, | CASE NO. C26-0877-KKE |
| Plaintiff(s), | ORDER ON EX PARTE MOTION FOR TRO |
| v. | |
| CHRISTON C. SKINNER, | |
| Defendant(s). | |

Before the Court is *pro se* Plaintiff Daniel Halstead's motion to proceed *in forma pauperis* ("IFP"), proposed complaint, and *ex parte* "emergency" motion for a temporary restraining order ("TRO"). Dkt. Nos. 1, 2. Having considered the motions and complaint, the record, and the applicable law, the Court will deny both Halstead's motion to proceed IFP and his motion for a TRO.

## I. BACKGROUND

On March 16, 2026, Halstead filed this § 1983 action against Island County Superior Court Judge Christon C. Skinner, and simultaneously moved for a TRO. Dkt. Nos. 1, 2. Halstead's complaint revolves around state civil proceedings that led to a finding of civil contempt against Halstead. *See* Dkt. No. 1-2. During the underlying state proceedings, Halstead states that he was ordered to pay child support in the amount of $1,308 per month, that he could not afford to make those payments, and that he has been subject to various "contempt hearing orders." Dkt. No. 1-2

ORDER ON EX PARTE MOTION FOR TRO - 1

at 2 (citing *In re Marriage of Lombardo*, Case No. 22-3-00299-15); *id.* at 4, 9 (referencing contempt hearing orders from August and October 2025).  The crux of Halstead's complaint is that he did not receive adequate procedural protections during state court proceedings in Island County Superior Court before he was ordered incarcerated on March 13, 2026. *Id.* at 1–3.  Halstead alleges that Judge Skinner failed to provide "specific procedural safeguards" prior to ordering Halstead be incarcerated for civil contempt for his failure to make child support payments. *Id.*  Halstead separately expressed dissatisfaction with three court-appointed attorneys who have represented him at various times in 2025 and 2026, asserting that their ineffective assistance resulted in his "fac[ing] the threat of incarceration for over nine months." *Id.* at 5–6.

In his motion for a TRO, Halstead states that "[t]he state court … determined that [he] will be jailed," on March 13, 2026 at 1:53pm.  Dkt. No. 2 at 1.  Halstead also asserted that on March 16, 2026 at 9:00am, Judge Skinner would set "the commitment date" for that period of incarceration. *Id.*  Based on the posture of his civil case in state court, Halstead seeks a TRO to "temporarily restrain[] [Judge Skinner] from ordering [his] incarceration" in the underlying state civil proceedings.  Dkt. No. 2-2 at 1.

## II.    ANALYSIS

### A.    The Court will Deny Halstead's IFP Motion.

Local Civil Rule 3 requires a plaintiff to complete the IFP application approved for use in this district, or otherwise pay the court's filing fee in order to proceed with their lawsuit. *See* Local Rules W.D. Wash. LCR 3.  Here, Halstead has not paid the filing fee, and failed to properly affix his signature to the district's IFP form. *See* LCR 11(a) (explaining requirements for valid signature); *see also* Dkt. No. 3 (explaining Halstead's filing deficiency).  As such, Halstead's motion to proceed IFP is denied without prejudice.

ORDER ON EX PARTE MOTION FOR TRO - 2

**B.    The Court will Deny Halstead's *Ex Parte* TRO Motion.**

The standards governing the issuance of TROs are "substantially identical" to those governing the issuance of preliminary injunctions. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2011).  Accordingly, a plaintiff must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."  Local Rules W.D. Wash. LCR 65(b)(1).  A court may issue an *ex parte* TRO "only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  These restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

Although Halstead acknowledges Rule 65's requirements, his motion does not comply with the requirements of the local[1] or federal rules.  Dkt. No. 2 at 4.  Specifically, his motion does not include a certification of the notice efforts he has made.  Indeed, Halstead requests that the Court

---

[1] The local rules of this district provide:

> Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel[.]

Local Rules W.D. Wash. LCR 65(b)(1).

ORDER ON EX PARTE MOTION FOR TRO - 3

issue a TRO "without notice" to Judge Skinner under Rule 65, but states only that he has tried to notify his own counsel in the underlying state proceeding of the instant lawsuit and accompanying TRO motion. He provides no indication that he has attempted to give notice to Judge Skinner.

Moreover, even if Halstead had complied with Rule 65, the merits of Halstead's claims are particularly weak, as it appears his claims are barred by the doctrine of judicial immunity. It is well-settled law that "[j]udges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). The doctrine of judicial immunity applies to § 1983 actions such as this one, "for the [§ 1983] legislative record gave no indication that Congress intended to abolish this long-established principle." *Stump*, 435 U.S. at 356. As alleged, Halstead's complaint asserts wrongdoing by Judge Skinner solely within the context of his judicial acts, and thus, falls squarely within the purview of the doctrine of judicial immunity. As such, Halstead is unlikely to succeed on the merits of his claim.

Accordingly, the Court will deny Halstead's motion for an *ex parte* TRO.

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES Halstead's IFP motion (Dkt. No. 1) without prejudice to re-filing a corrected application and DENIES Halstead's motion for an *ex parte* TRO. Halstead must file a corrected, signed IFP application or pay the filing fee no later than April 15, 2026. *See* Dkt. No. 3. In addition to curing the IFP/filing fee deficiency, Halstead is ORDERED to show cause as to why this case should not be dismissed as barred by the doctrine of judicial immunity by April 15, 2026.

Dated this 18th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON EX PARTE MOTION FOR TRO - 5