UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP DANIEL HALSTEAD,<br><br>   Plaintiff(s),<br><br> v.<br><br>CHRISTON C. SKINNER,<br><br>   Defendant(s). | CASE NO. C26-0877-KKE<br><br>DISMISSAL ORDER |

   This matter comes before the Court upon its own motion. On March 16, 2026, Halstead filed an application to proceed IFP as well as a proposed complaint, styled as a § 1983 civil rights action, seeking to enjoin Defendant Judge Christon C. Skinner from holding a contempt review hearing on the same day. Dkt. Nos. 1, 1-2 at 3. He additionally filed an *ex parte* motion for a temporary restraining order ("TRO") (Dkt. No. 2), which the Court denied for Halstead's failure to comply with Federal Rule of Civil Procedure 65, and for the additional reason that his claims were likely barred by the doctrine of judicial immunity. *See* Dkt. No. 4 at 3–4. The Court also notified Halstead of an IFP filing deficiency and ordered Halstead to show cause as to why his case should not be dismissed owing to judicial immunity. Dkt Nos. 3, 4. The Court warned Halstead that his failure to cure the deficiencies identified by April 15, 2026 could result in dismissal of his case. Dkt. No. 3. To date, Halstead has not filed a response to the order to show cause or cured the IFP deficiencies identified by the Court.

DISMISSAL ORDER - 1

Parties filing actions in a United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). Under Local Civil Rule 3, "[a] party must pay the Civil Filing Fee when it files … any civil action except for proceedings in forma pauperis [('IFP').]" Local Rules W.D. Wash LCR 3(b). An action may proceed without the immediate payment of a filing fee only for parties proceeding IFP. *See* 28 U.S.C. § 1915. Absent IFP status, a party's failure to pay the filing fee results in dismissal without prejudice of the action. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *see also, e.g.*, *Bovo v. Federal Bureau of Investigations*, 2:25-CV-00627-LK, 2025 WL 2322798 (W.D. Wash. Aug. 12, 2025).

Further, under Federal Rule of Civil Procedure 41(b), courts have discretion to dismiss a case "[i]f the plaintiff fails to prosecute or comply with … a court order." Fed. R. Civ. P. 41(b). Courts may, on their own motion, dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

Because Halstead neither filed corrections to his IFP application nor paid the filing fee, and because he has not responded to the Court's order to show cause, the Court DISMISSES his complaint without prejudice. The Clerk is directed to close this case.

Dated this 27th day of May, 2026.

Kymberly K. Evanson
United States District Judge

DISMISSAL ORDER - 2